# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GAYLON EDWARD EUGENE CARTER**, | Case No. 6:13-cv-02250-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Randy Elmer, 355 Miller St. SE, Salem, OR 97302. Of Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Kathy Reif Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Gaylon Edward Eugene Carter seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons stated below, the Commissioner's decision is AFFIRMED.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A.  Plaintiff's Application**

Plaintiff was born on October 28, 1958 and is 55 years old. He was employed as a warehouse worker until August of 2009. AR 75. In January of 2009, Plaintiff had surgery for shoulder impingement and a tear of his labrum, but returned to work the following month.

AR 22. In August of 2009, an MRI revealed that Plaintiff required further shoulder surgery for a torn rotator cuff, a full thickness tear of his supraspinatus tendon, and acromioclavicular joint degeneration. *Id.* After this surgery, Plaintiff was unable to return to work. AR 40.

Plaintiff filed for disability insurance benefits on September 9, 2010, alleging a disability onset date of August 4, 2009. AR 20. He alleged disability based on shoulder impingement, psoriasis, and obesity. *Id.* Plaintiff's claim was denied initially on October 29, 2010, and upon reconsideration on January 20, 2011. AR 18. An administrative hearing was held on August 10, 2010. *Id.* The ALJ denied Plaintiff's claim, finding he was not disabled, as defined under the Social Security Act, at any time from August 4, 2009, the alleged onset date, through the date of the decision. AR 26. The Appeals Council denied review, making the ALJ's decision final and entitling Plaintiff to review in this court under 42 U.S.C. § 405(g). AR 1.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*
*Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The
Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the
Commissioner must show that the claimant can perform other work that exists in significant
numbers in the national economy, "taking into consideration the claimant's residual functional
capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966
(describing "work which exists in the national economy"). If the Commissioner fails to meet this
burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,
the Commissioner proves that the claimant is able to perform other work existing in significant
numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;
*Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security
Act through December 31, 2014. AR 20. The ALJ then applied the sequential analysis. At step
one, the ALJ found that Plaintiff had engaged in substantial gainful activity between August
2009 and January 2010, but found that Plaintiff did not engage in substantial gainful activity
after January 2010. *Id.* Thus, the ALJ limited his review to the time period after Plaintiff ceased
engaging in substantial gainful activity.

At step two, the ALJ found that Plaintiff had the following severe impairments: "shoulder
impingement, psoriasis, and obesity." *Id.* The ALJ found that other complaints and diagnoses,
including hypertension and gastroesophageal reflux, were unsupported by any objective medical
evidence showing that these impairments were more than transient or that they caused significant
vocational limitation. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment

or combination of impairments that met or medically equaled the severity of one of the listed impairments in the relevant regulations. AR 21.

The ALJ next assessed Plaintiff's RFC. The ALJ found that Plaintiff retained the capacity to perform less than a full range of medium work, but that he would be able to "lift/carry/push/pull 50 pounds occasionally and 25 pounds frequently," and "sit, stand and/or walk for 6 hours in an 8-hour workday." *Id.* The ALJ also found that Plaintiff would not be able to "climb ladders, ropes or scaffolds," and cannot "perform overhead reaching with his left upper extremity." *Id.*

At step four, the ALJ determined that Plaintiff's RFC rendered him unable to perform any past relevant work. AR 25. At step five, based on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as dishwasher, hand packager, and small product assembler. AR 26. Thus, the ALJ ruled that Plaintiff was not disabled as defined by the Social Security Act. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred in two ways: (A) the ALJ erred in finding that Plaintiff's psoriasis was insufficient to establish disability singularly or in combination with the Plaintiff's shoulder injury; and (B) the ALJ did not meet the burden of proof at step five of the sequential analysis.

### A.  Plaintiff's Psoriasis

Plaintiff contends that the ALJ erred in concluding that, because Plaintiff's psoriasis was episodic in nature, and the longitudinal record discussing Plaintiff's psoriasis was sparse, Plaintiff's psoriasis was insufficient to establish disability singularly or in combination with Plaintiff's shoulder condition. Plaintiff further argues that the objective medical opinions of

Michael Potter, M.D., and Susan Bottomly, O.T.R., and Plaintiff's testimony regarding the limitations imposed by his psoriasis support a finding of disability.[1]

### 1. Opinion of Michael Potter, M.D.

"If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Ghanim v. Colvin*, --- F.3d ---, 2014 WL 4056530, at *5 (9th Cir. Aug. 18, 2014) (citing *Orn*, 495 F.3d at 631); *see also* 20 C.F.R. § 404.1527(c)(2). A treating physician's particular statements "must be read in context of the overall diagnostic picture he draws." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)).

Plaintiff contends that the testimony of Dr. Potter, Plaintiff's dermatologist, demonstrates a long history of complications from psoriasis. On an attorney-supplied form, Dr. Potter reported skin inflammation, thick leathery skin, skin scaling, skin redness, pruritus, and skin lesions. AR 448. Dr. Potter noted that he had treated Plaintiff about five times a year for nine years. *Id.* Dr. Potter also reported that Plaintiff had symptoms associated with chronic eczema for two years. *Id.*

Plaintiff ignores, however, that Dr. Potter found that Plaintiff's psoriasis did not impose any functional limitation on Plaintiff. Specifically, Dr. Potter concluded that "[b]ased on my knowledge of the skin problem, I don't have a reason to consider him to be limited on duration for sitting, standing, walking, or physical movement." *Id.* Dr. Potter found that Plaintiff could sit at one time for more than two hours (the longest duration stated on the medical form) and stand at one time for more than two hours (the longest duration stated on the medical form). AR 449.

---

[1] Plaintiff has not challenged the ALJ's finding that Plaintiff was "less than fully credible." Accordingly, Plaintiff reliance on his own testimony is not warranted.

Dr. Potter also found that Plaintiff would have no restrictions on his ability to twist, stoop,

crouch, or squat, and would not need unscheduled breaks throughout the day. *Id.*[2] AR 25. Thus,

Plaintiff's argument is misguided because it focuses on the length of time Dr. Potter had treated

Plaintiff for his skin conditions, rather than Dr. Potter's conclusion that Plaintiff's psoriasis did

not cause any functional limitations.  Accordingly, the ALJ's finding that Plaintiff's psoriasis

imposed no functional limitations was supported by substantial evidence in the record.

### 2.  Opinion of Susan Bottomly, O.T.R.

Plaintiff objects that the ALJ did not give greater weight to the opinion of Susan

Bottomly, O.T.R. The ALJ, however, did not completely discount Ms. Bottomly's opinion.

AR 24. Instead, the ALJ noted that her opinion conflicted with those of Drs. Stanley, Pennington,

and Potter, and accordingly gave it only "some" weight. *Id.*

Ms. Bottomly is not a medically acceptable treating source because she is an occupational

therapist. Acceptable medical sources include licensed physicians, licensed psychologists,

licensed optometrists, and licensed podiatrists. 20 C.F.R. § 404.1513(a). Nurse practitioners,

physicians' assistants, naturopaths, chiropractors, audiologists, and therapists are considered

other medical sources. 20 C.F.R. § 404.1513(d)(1). The ALJ may discount testimony from other

medical sources by giving reasons germane to each witness. *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012).

Plaintiff contends that the ALJ erred in failing to incorporate the limitations

Ms. Bottomly imposed on Plaintiff as a result of his psoriasis. The ALJ discussed Ms.

Bottomly's opinion and her suggested limitations, but discounted them because they were

---

[2] The ALJ notes that Dr. Potter's testimony regarding Plaintiff's anxiety was given only some weight because it was inconsistent with Dr. Potter's own treating notes. AR 25. Plaintiff, however, does not contest the ALJ's decision regarding Plaintiff's anxiety.

contradicted by the opinions of Drs. Stanley, Pennington, and Potter. AR 24. The fact that medical source opinions contradict the opinion of an "other" source is a germane reason to discount the other source's opinion. *See Molina*, 674 F.3d at 1111. Thus, the decision to give Ms. Bottomly's opinion only some weight was not legal error.

**B.  The ALJ's Step Five Analysis**

Plaintiff argues that the ALJ, at step five of the sequential evaluation, erred in finding Plaintiff could perform jobs that exist in significant numbers in the national economy because the ALJ failed to consider Plaintiff's limitations as opined by Ms. Bottomly. The VE determined that if Plaintiff had the limitations opined by Ms. Bottomly, Plaintiff would not be able to sustain employment. AR 60-66. As described above, however, the Court finds that the ALJ properly discounted the opinion of Ms. Bottomly. Accordingly, the ALJ did not err in the hypothetical he presented to the VE that did not account for the limitations discussed by Ms. Bottomly or in concluding at step five that Plaintiff can perform jobs that exist in significant numbers in the national economy

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision that Plaintiff is not disabled.

**IT IS SO ORDERED**.

DATED this 25th day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge